**Muhammad IQBAL, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**Tasneem Rukhsana; Namiha Rukhsana, Petitioners,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 99–71556, 00–70005.
INS Nos. A71–950–063, A72–186–122 A72–186–123.**

United States Court of Appeals, Ninth Circuit.

Submitted April 9, 2001.*

Decided April 18, 2001.

On Petition for Review of an Order of the Board of Immigration Appeals.

Before CANBY, KOZINSKI, and RYMER, Circuit Judges.

---

2. Accordingly, May's motion for appointment of counsel in Appeal No. 01–55255 is denied.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Muhammad Iqbal, Tasneem Rukhsana, and Namiha Rukhsana, natives and citizens of Pakistan, petition for review of orders by the Board of Immigration Appeals ("BIA") upholding an Immigration Judge's ("IJ") order of deportation and denial of applications for asylum and withholding of deportation. We have jurisdiction under 8 U.S.C. § 1105a(a)[1]. We review credibility findings of an IJ and the BIA under a substantial evidence standard. *See Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995). We review the BIA's denial of asylum under a substantial evidence standard. *See Rivera–Moreno v. INS*, 213 F.3d 481, 485 (9th Cir.2000). We deny the petitions for review.

 Because Iqbal presented false documents, Tasneem Rukhsana made false statements to immigration officials, and Iqbal's witnesses provided little corroboration and inconsistent testimony, all of which involve "the heart of the asylum claim," substantial evidence supports the BIA's adverse credibility finding and the BIA's conclusion that Iqbal did not establish eligibility for asylum. *See De Leon–Barrios v. INS*, 116 F.3d 391, 393–94 (9th Cir.1997). Because Iqbal failed to qualify for asylum, he "necessarily failed to satisfy the more rigorous standard for withholding of deportation." *See id.* at 394.

 Iqbal included his wife, Tasneem Rukhsana, and daughter, Namiha Rukhsana, in his asylum application. Because the denial of a principal's asylum application shall also result in the denial of asylum status to all dependents included on the principal's application, *see* 8 C.F.R. § 208.14(e) (1997), and because substantial evidence supports the BIA's adverse credibility finding of Iqbal, the BIA properly denied the Rukhsanas' asylum application. *See De Leon–Barrios*, 116 F.3d at 393–94. Because the Rukhsanas failed to qualify for asylum, they "necessarily failed to satisfy the more rigorous standard for withholding of deportation." *See id.* at 394.

We reject the Rukhsanas' contention that the BIA should have remanded the case to the IJ for a separate credibility hearing.

The relief requested in letters dated June 26, 2000, and September 5, 2000, is denied.

PETITIONS FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), as amended by Act of Oct. 11, 1996, Pub.L. No. 104–302, 110 Stat. 3656. Because the new provision does not apply to petitioners whose deportation proceedings began before April 1, 1997, however, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1).